IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ROSE, ) | CIV F 08-606  AWI SMS |
| ) | |
| Plaintiff, ) | ORDER ON PLAINTIFF'S |
| v. ) | MOTION FOR EX PARTE |
| ) | WRIT OF ATTACHMENT |
| SAMUEL ABRAHAM, BELLA ) | AND EX PARTE TEMPORARY |
| ROBLES CORP., INC., STEVEN DUCE, ) | RESTRAINING ORDER |
| RICHARD WYNN, and BANK OF THE ) | |
| SIERRA, ) | (Doc. Nos. 7, 8) |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Don Rose ("Rose") seeks an *ex parte* writ of attachment, alternatively an *ex parte* preliminary injunction/constructive trust, or alternatively an *ex parte* temporary protective order that would prohibit Defendants Bella Robles ("Bella") and Steven Duce ("Duce") from dispersing approximately $400,000 from a particular bank account with Defendant Bank of the Sierra ("Sierra"). Sierra currently has a "freeze" on the account in question.[1]  Rose and his counsel have submitted declarations in support of their *ex parte* applications. Rose relies on California law as made applicable under Federal Rule of Civil Procedure 64 and essentially is attempting to keep the $400,000 out of the hands of Defendants Bella and Duce. After reviewing the declarations, the Court cannot grant *ex parte* relief.

---

[1] It is unknown how long the freeze will last, but it was Defendant Duce who informed Rose of the freeze and the existence of the $400,000.  See Herr Declaration; Rose Declaration.  There is no indication of what effort Rose has made with respect to Sierra and how long the freeze will last.

With respect to the writ of attachment, California's attachment statutes are strictly construed. See Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co., 112 F. Supp. 2d 1178, 1181 (C.D. Cal. 2000); Hobbs v. Weiss, 73 Cal.App.4th 76, 79-80 (1999); Epstein v. Abrams, 57 Cal. App. 4th 1159, 1167-1168 (Cal. App. 2d Dist. 1997); Jordan-Lyon Productions, Inc. v. Cineplex Odeon Corp., 29 Cal.App.4th 1459, 1466 (1994); Vershbow v. Reiner, 231 Cal.App.3d 879, 882-83 (1991). The declarations submitted by Rose and his counsel do not contain all statements required for the issuance of a writ of attachment. See Cal. Code Civ. Pro. §§ 484.020, 485.210 (both requiring certain sworn statements to be included as part of an application). Since not all required sworn statements have been made to the Court, Rose's *ex parte* motion for a writ of attachment is denied.

With respect to the temporary protective order ("TPO"), California statutes require that a plaintiff show that the claim is one upon which attachment may issue before a TPO may be ordered. See Cal. Code Civ. Pro. § 486.020. In part, attachment is proper "only in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claims is a fixed or readily ascertainable amount not less than [$500]." Cal. Code Civ. Pro. § 483.010(a). Here, the only breach of contract claim alleged in the complaint is against Abraham. The only claims made against Bella and Duce are for fraud, negligent misrepresentation, and civil RICO. See Court's Docket Doc. No. 1. Attachment is generally not available for claims based in tort. See Waffer Inter'l Corp. v. Khorsandi, 69 Cal.App.4th 1261, 1276-77 (1999); Baker v. Superior Court, 150 Cal.App.3d 140, 146-47 (1983). Rose has not adequately explained how his claims against Bella and Duce satisfy California Code of Civil Procedure § 483.010. Accordingly, Rose's *ex parte* motion for a TPO is denied.[2]

Finally, with respect to a preliminary injunction/constructive trust, Rose's request is based on the case of *Heckmann v. Ahmonson*, 168 Cal.App.3d 119 (1985). However, that case involved a preliminary injunction that was noticed and in which the parties participated in the hearing. See Heckmann, 168 Cal.App.3d at 181. *Heckmann* does not deal with *ex parte*

---

[2]The Court also notes that Rose did not file a $10,000 undertaking, which is required before a TPO or writ of attachment may issue. See Cal. Code Civ. Pro. §§ 489.210, 489.220.

2

applications. Also, it does not appear that *Heckmann* involved a statute that authorized the seizure of property, rather it appears to just be a preliminary injunction case. As such, it is unclear at this point whether Federal Rule 65 would govern the type of injunction involved in *Heckmann* or whether some other California procedural statute, that may or may not be covered by Federal Rule 64, would apply. If California law applies through Federal Rule 64, "no preliminary injunction shall be granted without notice to the opposing party." Cal. Code Civ. Pro. § 527(a). If Federal Rule 65 applies, given the freeze that is on the account and given that Sierra has received both the complaint and these applications, it does not "**clearly appear**[] . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition."[3] Fed. R. Civ. Pro. 65. Rose's *ex parte* request for a preliminary injunction/constructive trust is denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests for *ex parte* relief are DENIED without prejudice to refiling consistent with this order.

IT IS SO ORDERED.

**Dated:   May 19, 2008**                               /s/ **Anthony W. Ishii**
                                                    UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that the standard for obtaining *ex parte* relief under Rule 65 is very stringent. Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006).

3