UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ROSE, | ) 1:08-CV-00606-AWI-SMS |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S EX |
| v. | ) PARTE APPLICATION FOR EXPEDITED |
| | ) DISCOVERY (DOC. 33) |
| SAMUEL ABRAHAM, et al., | ) |
| | ) ORDER DENYING PLAINTIFF'S EX |
| Defendants. | ) PARTE APPLICATION FOR AN ORDER |
| | ) DIRECTING THE MARSHAL TO SERVE |
| | ) DEFENDANT ABRAHAM (DOC. 34) |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

Pending before the Court are the ex parte applications of Plaintiff, filed on July 31, 2008, for 1) expedited discovery to occur before the conference pursuant to Fed. R. Civ. P 26(f) with respect to Defendants Steven Duce and Bella Robles Corporation, filed on July 31, 2008; and 2) an order requiring that the Marshal serve the summons and complaint on Defendant Samuel J. Abraham pursuant to Fed. R. Civ. P. 4(c)(3). Plaintiff also filed a declaration of Leonard C. Herr, Plaintiff's counsel, in support of the application for the service order.

1

/////

I. <u>Background</u>

In the complaint filed on May 1, 2008, Plaintiff alleges a RICO claim pursuant to 18 U.S.C. § 1961 et seq. against Defendants Abraham, Bella Robles Corporation, Duce, and Wynn; pendent state claims of intentional and negligent misrepresentation as to all defendants; and breach of contract as to Defendant Abraham. (Cmplt. pp. 1-8.) Claims of breach of fiduciary duty and negligence as to Defendant Bank of Sierra are also stated, but the action was dismissed against the bank without prejudice on June 25, 2008.

It is alleged that Plaintiff and Defendant Abraham entered into a contract whereby Abraham promised to set up a credit facility of $100,000,000.00 to be transferred by wire in return for Plaintiff's paying $2,150,000.00 for thirteen months to Abraham, by way of depositing the sums with Defendants Bella Robles Corporation and Duce Abraham, who were to transfer the money to Abraham after the wire transfer of the $100,000,000.00. Defendant Wynn was to help Defendant Abraham secure the credit facility. After Plaintiff transferred $1,500,000.00 to an account with Bank of Sierra, Plaintiff learned that Abraham had been convicted of wire fraud and/or transactions concerning criminally derived property involving similar representations to people that in exchange for a fee deposited in an escrow account that did not exist, he would transfer large amounts of money to the victim. (Cmplt. pp. 4-5.) Plaintiff seeks damages and fees.

On May 21, 2008, District Judge Anthony W. Ishii granted Plaintiff's motion for an ex parte temporary protective order

(TPO) and attachment of $400,000.00 that remained in a Bank of Sierra account. (Doc. 15.) Judge Ishii found that the TPO was appropriate pursuant to California law because Plaintiff's claim was one for which attachment may issue (an express contract for professional services with Abraham); Plaintiff had demonstrated that it is more likely than not that he will prevail against Bella and Duce, to whom Plaintiff paid $1,500,000.00 in January 2008, and who distributed most of the funds to Abraham at Abraham's direction; and the $100,000,000.00 was never obtained by Abraham. (Order p. 6.) Too, Judge Ishii found that Plaintiff had established irreparable injury, namely, that there was a danger that if the TPO did not issue, the approximately $400,000.00 remaining in the escrow account might be dispersed or otherwise made unavailable because Abraham had been successful in directing Bella and Duce to distribute the funds improperly, Abraham's guilty plea to similar criminal charges had required millions of dollars in restitution, Abraham was a gambler and had drug addictions, Abraham violated the conditions of his release from criminal custody, and Abraham could not be found. (Id.)

Defendant Duce answered the complaint on June 9, 2008.

A right to attach order and an order for issuance of a writ of attachment after hearing issued on June 18, 2008. (Doc. 27.

II. Expedited Discovery

Plaintiff seeks to depose Defendants Duce and Bella Robles Corporation, Inc., regarding the distribution of funds from the Bank of Sierra account that is subject of the writ of attachment, which included Plaintiff's $1,500,000.00 and the funds of others that once amounted to a total of $2,150,000.00. Plaintiff seeks

3

to discover the identities of the persons to whom distributions were made, the amounts of the deposits, and the deposit accounts into which they were transferred in order to ascertain the scope of the pending preliminary injunction and also to determine whether further temporary protective orders and/or preliminary injunctions are necessary to preserve the status quo. Plaintiff also seeks Defendants' knowledge and production of any and all documents regarding any and all withdrawals, transfers, deposits, check draws, and any other activity regarding the account, whether successfully carried out or not.

In support of the motion, Plaintiff relies on information set forth in Plaintiff's supplemental declaration in support of the application for the injunction (Doc. 14, filed May 20, 2008). The only apparent change, other than the passage of time, is that Defendant Abraham is understood to now be in custody serving his sentence. Plaintiff alleges on information and belief, based on the terms of the contract and information from Defendant Duce,[1] that distributions from the account were made to Abraham and others at Abraham's direction. (Decl. of Herr in supp. of app. for service order.) The Court further notes the findings of Judge Ishii with respect to the attachment application, which have previously been set forth.

Fed. R. Civ. P 26(d) provides that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) except in exempt proceedings or when authorized by the rules, a stipulation, or by court order.

---

[1] Plaintiff avers that Mr. Duce, who was to act as an escrow account and hold the money, has failed to accept or return his telephone calls since about the time that the complaint was filed. (Decl. ¶23.)

4

In general, a court will authorize expedited discovery where the applicant demonstrates good cause. <u>Semitool, Inc. v. Tokyo Electron America, Inc.</u>, 208 F.R.D. 273, 275-76 (N.D.Cal. 2002). Good cause is demonstrated where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.

With respect to expedited depositions, Fed. R. Civ. P. 30(a)(2)(iii) provides that a party must obtain leave of court, and the Court must grant leave to the extent consistent with Rule 26(b)(2) if the party seeks to take the deposition before the time specified in Rule 26(d) unless the party certifies that the deponent is expected to leave the United States and be unavailable for exam in the this country after that time. Further, Rule 30(a)(2)(B) provides that leave of court must be obtained and granted as consistent with Rule 26(b)(2) if the deponent is confined in prison.

Fed. R. Civ. P. 26(b)(2)(C) provides:

> (C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Here, the discovery sought by Plaintiff is central to Plaintiff's case and Plaintiff's recovery because information

5

concerning the disbursements from the account would reveal the identity of potential defendants and of sources of recovery. Further, it is likely that it would aid Plaintiff in securing the misappropriated funds, which were substantial, for recovery, and in evaluating the need for any further injunctive relief.

The burden and expense of the requested depositions and production of documents does not outweigh the benefits of the discovery. The scope of requested discovery is clearly designated and extends to documents that are readily identifiable, easily produced, and directly pertinent to the claims and remedies in question. Defendants need only appear for the depositions and produce documentation. In the complaint it is alleged that Defendant Duce is domiciled in Kern County, California, and Defendant Bella Robles Corporation, Inc., is a California corporation that does business in Tehachapi. Plaintiff states that he will take the depositions at a place within a reasonable distance from Tehachapi, in Bakersfield, or at a place otherwise agreeable both to Defendants and Plaintiff.

This application was served on Defendant Duce, individually and on behalf of Defendant Bella Roles Corporation, Inc. No opposition or application to file opposition has been filed. The motion is ex parte with respect to the other defendants, Abraham and Richard Wynn, who apparently have not been served with the summons and complaint. However, because the information sought is central to the case, no prejudice to Defendants is apparent with respect to expedited discovery.

As to good cause for expediting the discovery, Plaintiff has already demonstrated the likelihood of his prevailing on the

merits and irreparable injury as to the funds that remained in the account. The Court concludes that the showing Plaintiff has made likewise reveals a risk of irreparable injury as to the misappropriated funds.[2] Plaintiff has also demonstrated that providing the requested discovery will contribute to moving the case forward. Plaintiff has shown good cause for discovery before the Rule 26(f) conference.

Accordingly, Plaintiff's motion for expedited discovery will be granted.

Further, because the scope of the expedited discovery is limited, the Court grants Plaintiff's request to be permitted to conduct regular depositions of Defendants Duce and Bella Robles Corporation, Inc., after the conference pursuant to Rule 26(f).

III. <u>Motion for an Order Directing Service by the Marshal</u>

Plaintiff seeks an order directing the Marshal to serve Defendant Samuel J. Abraham with the summons and complaint.

Fed. R. Civ. P. 4(c)(3) provides that at a plaintiff's request, the Court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the Court. The Court must do so if the Plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915 or as a seaman pursuant to 28 U.S.C. § 1916, but those provisions are not

---

[2] With respect to expedited discovery, some courts have utilized a stricter standard similar to that applied to applications for preliminary injunctive relief, whereby the applicant must show 1) irreparable injury, 2) some probability of success on the merits, 3) some connection between expedited discovery and avoidance of irreparable injury, and 4) some evidence that the injury that will result without expedited discovery is greater than the injury that the other party will suffer if the expedited relief is granted. See, Semitool, 208 F.R.D. at 275 (quoting Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982)). Plaintiff has demonstrated that this standard has been met.

applicable because Plaintiff here does not proceed in forma pauperis or as a seaman.

Before June 9, 2008, the date on which Defendant Abraham was imprisoned and apparently began to serve his fifty-four month sentence, Plaintiff unsuccessfully attempted service on Defendant Abraham by a private process server. Plaintiff states that Abraham's marital status is unclear, and Plaintiff has not been able to discover Abraham's living arrangements outside of custody or a current address for him or any spouse. Plaintiff is informed and believes that Defendant Abraham is incarcerated at the Federal Correctional Institution, Morgantown, in the District of Northern West Virginia. Counsel for Plaintiff declares under penalty of perjury that Plaintiff has contacted the United States Marshal's Service for the Eastern District of California, the Federal Bureau of Investigation, and the United States Attorney for the Eastern District of Michigan, all of whom have informed him that they are prohibited by statute[3] from divulging the current addresses at which Defendant Abraham could have been served during his release or where service could be made since Defendant was incarcerated. (Decl. of Herr p. 2.)

Rule 4(c)(3) gives the Court discretion to appoint the Marshal for service upon motion. Instances where the Court should appoint a marshal or deputy or other official person to make service include situations where a law enforcement presence appears to be necessary or advisable to keep the peace, or in actions brought by the United States. Adv. Comm. Note to 1993

---

[3] Plaintiff does not identify the statute or statutes in question.

8

Amendments. Further, the Court will consider whether other reasonable methods of effecting service privately have been exhausted.

Here, Plaintiff has not shown that other reasonable means of effecting service have been attempted with respect to service upon Defendant Abraham, who is incarcerated. Plaintiff has not established that Plaintiff has attempted to secure a waiver of service pursuant to Fed. R. Civ. P. 4(d). Further, Plaintiff, who from the federal Bureau of Prisons website knows the prison in which Defendant Abraham is incarcerated and his register number, has not shown that efforts have been made to contact a litigation coordinator[4] responsible for the prison and prisoner to inquire about and arrange for service of process. The Court concludes that Plaintiff has not established that options for effecting service privately have been exhausted.

Therefore, Plaintiff's motion for an order directing the Marshal to serve Defendant Abraham will be denied.

IV. <u>Disposition</u>

Accordingly, it IS ORDERED that

1) Plaintiff's ex parte application for leave to conduct expedited discovery IS GRANTED, and

2) Plaintiff IS GRANTED LEAVE to

    a) conduct depositions of Defendants Steven Duce and Bella Robles Corporation, Inc., before the Rule 26(f) conference

---

[4] The Court does not know whether a litigation coordinator is located at the prison site itself or in some other regional location, but the Court is informed that federal correctional institutions in general are staffed with a person who performs the function of a litigation coordinator. Contact information for FCI Morgantown is available at http://www.bop.gov/DataSource/execute/dsFacilityAddressLoc?start=y&facilityCode=mrg.

but otherwise in conformity with the pertinent Federal Rules of Civil Procedure, concerning the distribution of assets from Bank of the Sierra account number 2220359270, including all transactions concerning the account, the amounts of deposits and withdrawals, the identities of the persons to whom distributions were made, the deposit accounts into which they were transferred, and Defendants' knowledge concerning any and all documents regarding any and all withdrawals, transfers, deposits, check draws, and any other activity regarding the account, whether successfully carried out or not; and

      b) request production of documents, before the Rule 26(f) conference but otherwise pursuant to the applicable Federal Rules of Civil Procedure, from Defendants Steven Duce and Bella Robles Corporation, Inc., consisting of any and all documents regarding any and all withdrawals, transfers, deposits, check draws, and any other activity regarding the account, whether successfully carried out or not; and

    3) Plaintiff SHALL BE PERMITTED to conduct additional, regular depositions of Defendants Steven Duce and Bella Robles Corporation, Inc. after the occurrence of the conference pursuant to Rule 26(f); and

    4) Plaintiff's ex parte application for an order directing the Marshal to serve the complaint upon Defendant Samuel Abraham IS DENIED.

IT IS SO ORDERED.

**Dated:   August 12, 2008**          /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE