IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ROSE, ) | 1:08-cv-606 AWI SMS |
| Plaintiff, ) | |
| v. ) | ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| SAMUEL ABRAHAM, BELLA ROBLES CORP., INC., STEVEN DUCE, RICHARD WYNN, and BANK OF THE SIERRA, ) | |
| Defendants. ) | |

By this motion, Plaintiff Don Rose ("Rose") moves for partial summary judgment against Defendants Samuel Abraham ("Abraham") and Steven Duce ("Duce").[1] Specifically, Rose requests that this Court find that Abraham breached a contract with Rose, that Rose is entitled to approximately $800,000 located in a frozen bank account with the Bank of the Sierra in partial satisfaction of the breach,[2] and that Duce has no interest in the $800,000. Rose also seeks an order releasing the $800,000 to him as there is no dispute that the money belongs to him alone. No defendant has responded in any way to Rose's motion. Further, default has been entered by the Clerk against Abraham. For the reasons that follow, Rose's motion will be granted.

---

[1] Defendant Bank of the Sierra was dismissed pursuant to a stipulation. See Court's Docket Doc. Nos. 29, 32. Defendant Richard Wynn was voluntarily dismissed by Rose. See id. at 48, 50. Defendant Bella Robles has not made an appearance in this case to date.

[2] The funds are also the subject of an attachment order that was entered by this Court in June 2008. See Court's Docket Doc. No. 27.

# BACKGROUND[3]

In or about December 2007, Rose began looking into acquiring a loan for investment purposes. PUMF 1. Rose thereafter became acquainted with Abraham. PUMF 2. Rose and Abraham entered into an agreement whereby Rose and two other individuals would deposit $1.5 million in an escrow account as part of a commission to Abraham as consideration for Abraham obtaining a loan and a proof of funds in the form of a MT 760. See PUMF 3. Duce was to act as escrow agent for the account. PUMF 4. Rose transferred $1.5 million into an account. PUMF 5. The other two individuals did not deposit money into the account. PUMF 6. Rose never got the loan or the MT 760 he was promised under the contract. PUMF 7. Rose thereafter became aware that Abraham had been convicted in the Eastern District of Michigan for activities substantially similar to those perpetuated against Rose.[4] PUMF 8. Approximately $800,000 remains in the escrow account into which Rose transferred his money. PUMF 9. Duce admits that the money in the account belongs to Rose. PUMF 10.

# SUMMARY JUDGMENT FRAMEWORK

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. Soremekun, 509 F.3d at 984.

---

[3]The background is taken from Plaintiff's proposed undisputed material facts ("PUMF").

[4]Abraham is in federal custody, apparently in West Virginia. See Court's Docket Doc. Nos. 41, 46-2.

2

Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. See James River Ins. Co. v. Schenk, P.C., 519 F.3d 917, 925 (9th Cir. 2008); Soremekun, 509 F.3d at 984; Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105-06 (9th Cir. 2000). If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." Nissan Fire & Marine Ins. Co. v. Fritz Companies, 210 F.3d 1099, 1102-03 (9th Cir. 2000). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Nissan Fire & Marine, 210 F.3d at 1103. The opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587; Stegall v. Citadel Broad, Inc., 350 F.3d 1061, 1065 (9th Cir. 2003). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Juell v. Forest Pharms., Inc., 456 F.Supp.2d 1141, 1149 (E.D. Cal. 2006); UMG Recordings, Inc. v. Sinnott, 300 F.Supp.2d 993, 997 (E.D. Cal. 2004). "A genuine issue of material fact does not spring into being simply because a litigant claims that one exists or promises to produce admissible evidence at trial." Del Carmen Guadalupe v. Agosto, 299 F.3d 15, 23 (1st Cir. 2002); see Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007); Bryant v. Adventist Health System/West, 289 F.3d 1162, 1167 (9th Cir. 2002). Also, the court has the discretion in appropriate circumstances to consider materials that are not properly brought to its attention, but the court is not required to examine the entire file for evidence establishing a

genuine issue of material fact where the evidence is not set forth in the opposing papers with adequate references.  See Southern Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

**PLAINTIFF'S MOTION**

*Plaintiff's Argument*

Rose argues that he has properly pled the existence of a contract.  The facts show that Rose performed by depositing $1.5 million and that Abraham breached when he failed to obtain either a loan or a MT 760.  Further, no defendant contends that the remaining $800,000 does not belong to Rose and Duce admits that Rose is the owner.  There is no genuine dispute regarding the ownership of the $800,000.  A partial judgment that Abraham is liable for breach of contract and that Duce has no rights to the money in the escrow account is appropriate.

*Discussion*

Rose is entitled to partial summary judgment.  With respect to the breach of contract claim, the elements of a breach of contract are: (1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) the resulting damages to plaintiff.  Reichert v. General Ins. Co., 68 Cal.2d 822, 830 (1968); Wall Street Network, Ltd. v. New York Times Co., 164 Cal.App.4th 1171, 1183 (2008).  Rose has shown that a contract existed between himself and Abraham, see PUMF 3, that Rose performed by depositing $1.5 million in an escrow account, see PUMF 5, Abraham did not perform, see PUMF 7, and about half of Rose's money that was meant to form Abraham's commission is now gone.  See PUMF 9.  This is sufficient to show that Abraham is liable to Rose for breach of contract.  See Reichert, 68 Cal.2d at 830.  Because Abraham has provided no contrary evidence, partial summary judgment in favor of Rose on the issue of liability for breach of contract will be granted.

With respect to the approximately $800,000 that remains in the escrow account, Duce does not dispute that the money belongs to Rose.  PUMF's 9, 10.  Further, there is no indication that Duce has any claim to the approximately $800,000.  Accordingly, the Court will grant partial summary judgment in favor of Rose and against Duce regarding the ownership of the $800,000.

4

With respect to possession of the $800,000, Rose states that no defendant contends that the money does not belong to Rose. Further, neither Duce nor Abraham have filed oppositions, and Abraham appears to have chosen to not participate in this lawsuit. Rose's statement of undisputed material facts show that the approximately $800,000 (of Rose's initial $1.5 million) remaining in the escrow account belongs to him. In light of these considerations, the Court will order the release of the funds to Rose.[5]

Accordingly, IT IS HEREBY ORDERED that:

1. Partial summary judgment in favor of Rose and against Defendant Abraham on the issue of liability for Rose's breach of contract claim is GRANTED;
2. Partial summary judgment in favor of Rose and against Duce is GRANTED in that, as to the approximately $800,000 remaining in Bank of the Sierra Account No. 2220359270, Defendant Duce has no title or right to possession of these funds; and
3. The approximately $800,000 in Bank of the Sierra Account No. 2220359270 may be released to Plaintiff Don Rose as partial satisfaction of contract damages in any further judgment against Defendant Abraham or other Defendants as appropriate.

IT IS SO ORDERED.

**Dated:   March 9, 2009**              /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Rose requests an order releasing the funds that remain in the escrow account, up to $1.5 million. However, there is no indication that there is anything other than $800,000 in the account. In the absence of other evidence, the Court will utilize the $800,000 approximation since that is the figure identified in the undisputed facts.