UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ROSE, <br><br> Plaintiff, <br> v. <br><br> SAMUEL ABRAHAM., et al. <br><br> Defendants. | **Case No.: 1:08-cv-00606 AWI JLT** <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE <br><br> ORDER ALLOWING NOTICE BY PUBLICATION TO DEFENDANTS ALICIA DUCE AND SLAYTON <br><br> ORDER DENYING SERVICE BY PUBLICATION TO DEFENDANT FONTAINE <br><br> (Doc. 80) |

**I.     Background**

On August 25, 2010, the Court ordered Plaintiff to show cause why defendants Alicia Duce, Slayton, Fontaine and Landmark Ltd., should not be dismissed for failure to serve them summons and complaint.

On September 3, 2010, Plaintiff filed a response and explained the difficulty he has had in obtaining service on these defendants. However, Plaintiff's documents make clear that the last effort to serve any of these defendants ended on February 17, 2010. (Doc 80, Ex. D, last page) Despite this, Plaintiff provides *no* information that any other efforts have been made to achieve service since this time and provide *no* explanation for his failure to seek authorization to serve these defendants by other means.

Nevertheless, in his response to the OSC, Plaintiff now seeks authority to publish notice to each of the defendants. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** this request.

**II.     Plaintiff is authorized to serve Defendants Alicia Duce, Slayton and Landmark Ltd.**

Due to Plaintiff's inability to locate the defendants for purposes of service of process, Plaintiff requests an order authorizing service by publication pursuant to California Code of Civil Procedure section 415.50. A plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In California, a summons may be served by publication if, upon affidavit, it appears to the satisfaction of the court in which the action is pending that the party to be served cannot, with reasonable diligence, be served in another specified manner. Cal. Civ. Proc. Code § 415.50(a)(1). California Government Code section 6060 requires that the notice be "published in a newspaper of general circulation for the period prescribed."[1]

A party seeking leave to serve process by publication must establish that "reasonable diligence" has been exercised to serve process in another manner permitted by California law. Watts v. Crawford, 10 Cal. 4th 743, 749 n.5, 42 Cal. Rptr. 2d 81, 896 P.2d 807 (1995). "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." Id. (alteration in original) (internal quotation marks omitted). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant . . . ." Id. (internal quotation marks omitted). This requirement exists because "it is generally recognized that service by publication rarely results in actual notice." Id. Accordingly, a plaintiff that fails to take exhaustive measures to locate a party to be served cannot establish reasonable diligence. Id. Several attempts to serve a party at the proper place can constitute reasonable diligence. Bonita

---

[1] A "newspaper of general circulation" is a "newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, which has a bona fide subscription list of paying subscribers, and has been established . . . for at least one year preceding the date of the publication." Cal. Gov't Code § 6000.

Packing Co. v. O'Sullivan, 165 F.R.D. 610, 613 (C.D. Cal. 1995); Espindola v. Nunez, 199 Cal.App.3d 1389, 1392 (1988). When attempting to effect personal service, a process server is not required to "exhaust all avenues of obtaining a current address" once he is informed that a defendant no longer lives at a residence. Ellard v. Conway, 94 Cal.App.4th 540, 545 (2001).

Here, Plaintiff has made significant efforts to serve Alicia Duce. Personal service was attempted on two occasions and the summons and complaint and a waiver of service were mailed to an alternative address but these efforts failed. Likewise, Plaintiff attempted to personally serve defendant Slayton and his company Landmark Ltd. but, due to having an incorrect address, this effort failed. Although many more alternative addresses were located for these defendants, and the summons and complaint and a waiver of service were mailed to each. Slayton failed to return the acknowledgment of service. The Court finds that these efforts demonstrate reasonable diligence in attempting service. Therefore, the Court **GRANTS** the request to effect service by publication.

**III. Plaintiff has failed to demonstrate that service to Defendant Fontaine by publication is appropriate under the Hague Convention or the laws of Canada.**

FRCP 4(f) directs how to effect service on an individual in a foreign country. An individual may be served at a place not within any judicial district of the United States "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). As Plaintiff admits, Canada is a party to the Hague Convention. Therefore, service must occur pursuant to the Hague Convention. Straub v. A P Green, Inc., 38 F. 3d 448, 452 (9th Cir. 1994) (observing Canada became signatory to Hague Convention in 1989).

To deviate from the requirements of the Hague Convention, Plaintiff "must show that the 'other means' [to be used to effect service] is not prohibited by international agreement and must obtain a court order to effectuate service in the desired fashion. See Rio Properties, 284 F.3d at 1014; Nanya Tech. Corp. v. Fujitsu, Ltd., 2007 U.S. Dist. LEXIS 5754 at *17 (D. Guam. Jan. 2, 2007) (granting motion to effect service by email and international mail on Japanese defendant)."

Williams-Sonoma Inc. v. Friendfinder, Inc., 2007 U.S. Dist. LEXIS 31299 at * 3-4 (N.D. Cal. Apr. 17, 2007)

    Plaintiff describes that he hired a process server in Winnepeg to serve Defendant Fontaine. However, the process server has been unable to obtain Fontaine's cooperation in opening the front door of his secured apartment building and the process server has been unable to serve him on the street because Plaintiff does not have a description of Fontaine. (Doc. 80 at 3) Plaintiff reports that he has consulted with the Central Authority for service of process in Manitoba who "recognizes that the process server hired by Plaintiff had attempted to use the same methods of service its own agents would have, and informed counsel for Plaintiff that the central authority has no greater authority to effect service in other manners than was used by the private process server." Id. However, this is insufficient to demonstrate compliance with the Hague Convention. Williams-Sonoma Inc., at *3-4. Instead, Plaintiff was required to seek service through the Central Authority rather than engaging in like efforts.

    Moreover, Plaintiff has failed to demonstrate that service by publication is "prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction," (Fed. R. Civ. P. 4(f)(2)(A), (C)) or that publication is a "means not prohibited by international agreement." Therefore, Plaintiff's request to serve notice to Defendant Fontaine by publication is **DENIED.**

### ORDER

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Order to Show Cause is **DISCHARGED**;
2. Plaintiff is **GRANTED** 60 days to serve Defendants Alicia Duce, Slayton, Fontaine and Landmark Ltd.;
3. Plaintiff's request to serve Defendants Alicia Duce, Slayton and Landmark Ltd. by publication is **GRANTED**. Plaintiff shall publish the summons once a week for four successive weeks in a newspaper of general circulation that is most likely to give actual notice to Defendants. If Plaintiff ascertains any of the Defendants' addresses before expiration of the time prescribed for publication of the summons,

4

Plaintiff shall mail forthwith copies of the summons, complaint, and this order to this Defendant by ordinary mail;

4. Plaintiff's request to serve Defendant Fontaine by publication is **DENIED**, without prejudice.

5. Plaintiff is advised that his failure to serve any of these defendants with the 60-day extension granted by the order, will result in recommendation that the unserved defendants be dismissed.

IT IS SO ORDERED.

Dated: **September 20, 2010**          /s/ Jennifer L. Thurston
                                                   UNITED STATES MAGISTRATE JUDGE