IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ROSE,<br><br>              Plaintiff,<br>   v.<br><br>SAMUEL ABRAHAM, et al.,<br><br>              Defendants. | 1:08-cv-606 AWI JLT<br><br>ORDER STRIKING DEFENDANT'S ANSWER, ORDER FOR CLERK TO MAKE AN ENTRY OF DEFAULT, AND ORDER VACATING TRIAL AND PRE-TRIAL CONFERENCE DATES<br><br>(Doc. Nos. 20, 92) |

    Trial in this matter is set for April 26, 2011. The pre-trial conference is set for March 17, 2011. The pre-trial conference had been set for March 4, 2011. Because the only active Defendant who has made an appearance in this case failed to file a pre-trial statement, the Court moved the pre-trial conference. See Court's Docket Doc. No. 92.

    On March 1, 2011, the Court ordered pro se Defendant Steven Duce ("Duce") to file a pre-trial statement by March 10, 2011. See id. The Court also ordered Duce to show cause in writing why sanctions should not be imposed for his failure to file a pre-trial statement, his failure to keep the Court informed of his current address (mail had been returned to the Court as "undeliverable" on several occasions), and his apparent failure to actively participate in this case. See id. Duce was ordered to show cause in writing by 1:00 p.m. March 10, 2011. See id. Duce

has failed to meet his deadline and has not shown cause why sanctions should not be imposed.  In the March 1, 2011, order, the Court warned Duce that sanctions, including striking his answer and entering default, may occur if he did not comply with the order.  See id.

The failure to follow local rules and the failure to prosecute are grounds for the Court to impose sanctions, which may include an entry of default judgment.  See Local Rule 110; TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir. 1987); Thompson v. Housing Auth. of the City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  In determining whether to dismiss a case or declaring a default as a sanction, courts must consider:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Adriana Intl. Corp. v Lewis & Co., 913 F.2d 1406, 1412 (9th Cir. 1990).

Here, the Court finds that four of the five factors favor the threatened sanction of striking Duce's answer.  First, the public's interest in expeditious resolution of litigation favors sanctions.  Second, the need for the Court to manage its docket favors dismissal because it is well established that the Eastern District of California – Fresno Division has a significantly impacted docket.  Third, this case has been pending for almost three years, mail addressed to Duce was returning back to the Court in April 2010, and this case is no longer proceeding forward since Duce is not participating.  Duce is therefore causing unreasonable delays, which creates a presumption of injury.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Fourth, the Court warned Duce that his failure to follow Local Rules and to respond to the Court's show cause order would result in sanctions, and warned him that the striking of his answer and the entry of default were possibilities.  Duce has failed to respond in any way to the Court's order and has caused the case to come to a standstill.  The Court knows of no other possible alternatives since it is now apparent that Duce no longer wishes to participate in this case.  These four considerations significantly outweigh the public policy favoring disposition of cases on the merits.

The Court will therefore impose sanctions.  However, there are other defendants in this

case, and Plaintiff has obtained entry of default by the Clerk against most of them. Plaintiff has not yet obtained default judgments, however. The Court will place Duce in the same position as the other defendants who have not answered. The Court will strike Duce's answer and order the Clerk to make an entry of default against him, pursuant to Federal Rule of Civil Procedure 55(a). Plaintiff will then have the opportunity to obtain default judgments against Duce and the other non-answering defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Steven Duce's answer (Document No. 20) is STRICKEN;
2. The Clerk shall make an entry of default against Steven Duce pursuant to Federal Rule of Civil Procedure 55(a); and
3. The March 17, 2011, pre-trial conference date and the April 26, 2011, trial date are VACATED.

IT IS SO ORDERED.

Dated: March 11, 2011

CHIEF UNITED STATES DISTRICT JUDGE