# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ROSE, <br><br> Plaintiff, <br> v. <br> SAMUEL ABRAHAM, et al., <br><br> Defendants. | Case No.: 1:08-cv-00606 AWI JLT <br><br> ORDER VACATING THE HEARING ON THE APPLICATIONS FOR DEFAULT JUDGMENT <br><br> ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF THE APPLICATIONS FOR DEFAULT JUDGMENT <br><br> (Docs. 103-108) |

Don Rose ("Plaintiff") seeks the entry of default judgment against Lance Slayton (Doc. 103); Landmark, Ltd. (Doc. 104); Steven Duce (Doc. 105); Roger Fontaine (Doc. 106); Samuel Abraham (Doc. 107); and Alice Duce (Doc. 108). The motions are unopposed.

The Federal Rules of Civil Procedure govern applications to the Court for issuance of default judgment. Where a default was entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed.R.Civ.P. 55(a)-(b). An application for default judgment qualifies as a motion before the Court. *Johnson v. Cate*, 2009 U.S. Dist. LEXIS 57942, at \*2 (E.D. Cal. June 23, 2009). Thus, the motion "should include briefs on the pertinent issues." *Id.*; *see also* Local Rule 230(b) ("The moving party shall file a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion.").

1

In this case, Plaintiff has not filed briefing for the Court's consideration in support of the motions for default judgment or argued he has met the factors governing the entry of default judgment set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1472-72 (9th Cir. 1986). Most importantly, Plaintiff has not explained the requested damages in adequate detail such that the Court can determine he is entitled to the amount requested of $4,369,868.54. In his declaration, Plaintiff asserts his actual damages totaled $1,091,312.71. (Doc. 103-1). Plaintiff requests "judgement in that amount plus enhancement to the judgment under the statutes [he has] sued under," including the Racketeer Influenced and Corrupt Organizations Act. *Id.* Further, Plaintiff requests that the Court impose punitive damages. *Id.*

Because Plaintiff has not explained the damages award sought in the applications for default judgment or provided briefing in support thereof, Plaintiff will not be given the opportunity to do so. Upon receipt of the supplemental briefing, the Court will revisit whether default judgment is appropriate by weighing factors set forth by the Ninth Circuit. Oral arguments on the applications will be re-set by the Court as needed.

Accordingly, **IT IS HEREBY ORDERED**:

1. The hearing on the applications for default judgment set for October 31, 2011, is **VACATED**; and
2. Plaintiff **SHALL FILE`** points and authorities in support of the motion for default judgment, addressing the issues set forth above, no later than November 4, 2011.

IT IS SO ORDERED.

Dated: **October 20, 2011**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE